IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE ROBERTS,** | : | **CIVIL ACTION NO. 1:13-CV-1467** |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| v. | : | |
| **BARNABY DEDMOND, M.D., and LEXINGTON MEDICAL CENTER,** | : | |
| **Defendants.** | : | |

## **ORDER**

AND NOW, this 5th day of December, 2013, upon consideration of the motion (Doc. 16) for relief from final judgment and/or reconsideration pursuant to Federal Rule of Civil Procedure 60(b), filed by Denise Roberts ("Roberts") on November 4, 2013, wherein Roberts' counsel requests the court to vacate its prior order (Doc. 15) denying her motion (Doc. 4) to transfer venue to the District Court for the District of South Carolina and granting defendants' motion (Doc. 5) to dismiss for lack of proper venue, and the court noting that our prior decision was largely premised upon Roberts' failure to articulate any prejudice that might flow from dismissal of her claims in lieu of transfer, (see Doc. 15 at 2 and n.1), and it appearing that Roberts' counsel misapprehended the applicable statute of limitations in briefing the prior motions and now concedes that failure to recognize and address the issue was error, and it further appearing that the statute of limitations applicable to

Roberts' claims has in fact expired[1] and that this court's dismissal of her claims would thus prevent her from refiling this action in the appropriate venue, thus foreclosing all avenues of recovery to her, (see Doc. 18 at 3-5), and the court observing that Rule 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), and finding that the errors of Roberts' counsel in failing to argue the statute of limitations issue in fairness should not be imputed to Roberts herself to forever preclude a merits review of her claims, and that the prejudicial effect of the expired limitations period compels transfer rather than dismissal of Roberts' claims, and thus concluding that Rule 60(b) relief is appropriate, it is hereby ORDERED that:

1.  Plaintiff's motion (Doc. 16) for relief from final judgment and/or reconsideration pursuant to Federal Rule of Civil Procedure 60(b) is GRANTED.

2.  The court's order (Doc. 15) denying plaintiff's motion to transfer and granting defendants' motion to dismiss is VACATED.

---

[1] In resolving the parties' prior motions, the court observed *sua sponte* that the statute of limitations governing medical malpractice claims in South Carolina is three (3) years and that Roberts' claims, accruing on June 9, 2011, were not yet time barred. This observation was correct when operating under the premise that the Lexington Medical Center was a private party. However, in the instantly pending motion, Roberts avers that the Lexington Medical Center is a government affiliated medical hospital, thus subjecting it to the South Carolina Tort Claims Act, which contains a two (2) year statute of limitations on medical malpractice claims. See S.C. Code Ann. § 15-78-110 ("[A]ny action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered."). In light of this new information, the court must revisit and ultimately vacate its earlier conclusion that Roberts would suffer no prejudice from the dismissal of her complaint.

3.  Plaintiff's motion (Doc. 4) to transfer is GRANTED.

4.  Defendants' motion (Doc. 5) to dismiss for lack of venue and personal jurisdiction is DENIED as moot.

5.  The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the District of South Carolina forthwith.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

3